UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tom Beltt,                                                    Civil No. 13-CV-1693 (SRN/LIB)

      Plaintiff,                                                ORDER

v.

Derek Randall and
Jennifer Randall,

      Defendants.

_____

James W. Balmer, Falsani, Balmer, Peterson, Quinn & Beyer, 306 West Superior Street, Suite 1200, Duluth, Minnesota 55802, for Plaintiff

Samantha Sutton, David M. Werwie & Associates, 30 East Seventh Street, Suite 3100, St. Paul, Minnesota 55101, for Defendants
_____

SUSAN RICHARD NELSON, United States District Court Judge

    This matter is before the Court on Plaintiff's Objections [Doc. No. 26] to the Magistrate Judge's Order of March 31, 2014 ("the Order" [Doc. No. 25]), granting in part and denying in part Defendants' Motion to Compel Disclosures and Discovery and for Sanctions [Doc. No. 14]. For the reasons set forth herein, the Order is adopted in part and clarified in part.

    The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L. R. 72.2(a). This Court pays great deference to a magistrate judge's

1

determinations. See Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.").

## I.      BACKGROUND

The facts and procedural history of this personal injury lawsuit are set forth in the underlying Order [Doc. No. 25], which this Court incorporates by reference. In the Order, Magistrate Judge Brisbois required Plaintiff to provide complete responses to outstanding discovery requests and extended the deadlines for expert disclosures, completion of fact discovery, the filing and hearing of non-dispositive and dispositive motions, and the trial date. (Order at 11-12 [Doc. No. 25].) Plaintiff objects to the Order only to the extent that it prevents him from adding an additional expert witness. (Objections at 1 [Doc. No. 26].) Accordingly, the Court confines its discussion to this issue and adopts the magistrate judge's rulings on all other issues in the Order.

## II.     DISCUSSION

As to the portion of Defendants' underlying motion to compel concerning expert disclosures and related answers to interrogatories, the magistrate judge rejected Plaintiff's response that it was too early in the litigation to provide such information. (Order at 6 [Doc. No. 25].) Magistrate Judge Brisbois therefore ordered Plaintiff to fully and completely answer Defendants' Interrogatory Nos. 20, 21, and 22 with respect to an accountant expert whom Plaintiff had identified as an expert witness. (Id. at 6-7.) In a footnote, Magistrate Judge Brisbois noted that Plaintiff had not moved, nor provided good

cause, to show why he should be permitted to make untimely disclosures of any new and additional experts.  (Id. at 7, n.1)   At that time, no requests for additional experts were pending before the Court.

In his Objections, Plaintiff requests clarification of the language in footnote 1 of the Order by seeking to add one additional witness – Plaintiff's treating psychologist, Katherine H. Speare, Ph.D.  (Objections at 2-3 [Doc. No. 26].)  Plaintiff argues that the testimony of Dr. Speare is necessary to explain the extent of Plaintiff's emotional injury and disability.  (Id. at 3.)  Plaintiff also contends that Dr. Speare's testimony serves as the basis for the opinion of Plaintiff's previously-disclosed economic loss expert, and without the testimony of Dr. Speare, "the jury may well conclude there is no significant harm sustained by Plaintiff and disregard the testimony of Plaintiff's economic loss expert." (Id.)   The Pretrial Scheduling Order set a deadline of December 31, 2013 for identifying expert witnesses.  (Pretrial Order at 4 [Doc. No. 12].)  Defendants oppose Plaintiff's request, noting that Plaintiff did not provide disclosures related to Dr. Speare until April 10, 2014.  (Defs.' Resp. to Pl.'s Objections at 3-4 [Doc. No. 28].)

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present expert testimony.   If the witness is retained or specially employed to provide expert testimony in a case, then the disclosure must be accompanied by a written expert report.  Fed. R. Civ. P. 26(a)(2)(B)(i-vi).  However, if an expert witness is not retained or specially employed to provide expert testimony, the witness is not required to submit a written report.  Id.; Fed. R. Civ. P.

26(a)(2)(C). Instead, the party intending to call such a witness must disclose the "subject matter on which the witness is expected to present evidence," and provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee Notes (2010) to Rule 26(a)(2)(C) note that "[t]his disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)." Id., Advisory Committee Notes (2010). The Advisory Committee Notes further provide:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals. . . . Parties must identify such witnesses under Rule 26(a)(2)A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Id.

Given Plaintiff's representation that treating psychologist Dr. Speare was not retained for purposes of this litigation, Dr. Speare may be considered an expert witness from whom an expert report is not required, see Fed. R. Civ. P. 26(a)(2)(A) and (C), or a lay witness, depending on the scope of examination. However, her disclosure as an expert witness is subject to the requirements of Rule 26(a)(2)(A) and (C). If Plaintiff proposes to treat Dr. Speare as an expert witness, Plaintiff failed to timely disclose her, in violation of Rule 26(a)(2)(C) and the March 31, 2014 deadline in the pretrial scheduling order. (Pretrial Order at 4 [Doc. No. 12].) However, if Dr. Speare were to be called as a lay witness, there would appear to be no such violation.

Assuming that Plaintiff seeks to disclose Dr. Speare as a Rule 26(a)(2)(C) expert

witness, if a party fails to provide information required by Rule 26(a), the party is generally not permitted to use that information at trial.  Fed. R. Civ. P. 37(c)(1); see also McCoy v. Augusta Fiberglass Coatings, Inc., 593 F.3d 737, 746 (8th Cir. 2010) ("Failure to disclose an expert witness required by rule 26(a)(2)(B) can justify exclusion of testimony at trial.").  Under Rule 37(c)(1), however, evidence that was not disclosed under Rule 26(a) may be admitted if the failure to disclose was harmless or substantially justified.  Fed. R. Civ. P. 37(c)(1); Shuck v. CNH Am., LLC, 498 F.3d 868, 874 (8th Cir. 2007).  A court considers the following factors in determining whether a Rule 26 violation was harmless or justified, including: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"  Rodrick v. Wal-Mart Stores East, L.P., 666 F.3d 1093, 1096-97 (8th Cir. 2012) (quoting Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002)).   Here, the Court finds that even though Plaintiff did not timely provide disclosures related to Dr. Speare (Defs.' Resp. to Pl's Objections at 3 [Doc. No. 28]), such failure was harmless.  The disclosures were made well in advance of trial, the Order granted Defendants additional time in which to submit expert disclosures and to conduct fact discovery, and motion practice deadlines and the trial date were likewise revised.  (Order at 11 [Doc. No. 25].)  To the extent that Defendants now require additional time in which to conduct discovery, engage in motion practice, or conduct the trial, any requests for such extensions will be accommodated by the Court.  Additionally,

5

by permitting Plaintiff's late disclosure, Defendants are not precluded from seeking to limit or exclude any such testimony by way of motions in limine.  Accordingly, Plaintiff may disclose Dr. Speare as an expert witness subject to the requirements of Rule 26(a)(2)(C), or call her as a lay witness, depending on the scope of examination.  To the extent necessary, the Pretrial Scheduling Order shall be amended.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections [Doc. No. 26] to the Magistrate Judge's Order of March 31, 2014 are **SUSTAINED in part**; and

2. The Order of March 31, 2014 [Doc. No. 25], is **ADOPTED in part**, and **CLARIFIED in part**, consistent with this Order.

Dated:   June 6, 2014

                                               s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Court Judge